UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ISABEL M. SCALICI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., a foreign corporation, doing business as SMITH'S STORE NO. 370; DOE STORE MANAGER I through X; DOE STORE EMPLOYEE I through X; DOE LANDOWNER I through X; DOE PROPERTY MANAGER I through X; DOE MAINTENANCE EMPLOYEE I through X; ROE OWNER XI through XX; ROE LANDOWNER XI through XX; ROE COMPANY XI through XX; DOES I through X; and ROE CORPORATIONS XI through XX, inclusive, joint and severally,<br><br>　　　　Defendants. | Case No. 2:24-cv-00540-ART-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Impose Sanctions. ECF No. 15. Plaintiff seeks sanctions based on the loss of two photographs taken on the day Plaintiff slipped and fell in Defendant's supermarket. Plaintiff also seeks sanctions arising from objections made by defense counsel during depositions. The Court considered the Motion, Opposition, and Reply.

**I.　Discussion**

　　A.　<u>Sanctions Based on the Destruction or Loss of Photographs</u>.

"As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). Whether "litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)).

Spoliation is defined as:

> the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.... A party must preserve evidence it knows or should know is relevant to a claim or defense by any party, or that may lead to the discovery of relevant evidence.... The duty to preserve arises not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation.

*Gonzalez v. Las Vegas Metropolitan Police Dept.*, Case No. 2:09-cv-00381-JCM-PAL, 2012 WL 1118949, at *5 (D. Nev. Apr. 2, 2012) (internal citations omitted). "To be actionable, the spoliation of evidence must damage the right of a party to bring an action." *Ingham v. U.S.*, 167 F.3d 1240, 1246 (9th Cir. 1999) (internal citation omitted). "[T]he party alleging spoliation has the burden to prove by a preponderance of the evidence that the accused party actually destroyed, altered, or failed to preserve relevant evidence." *U.S. E.E.O.C. v. Wedco, Inc.*, Case No. 3:12-cv-00523-RCJ-VPC, 2014 WL 4635678, at *2 (D. Nev. Sept. 15, 2014), *citing LaJocies v. City of N. Las Vegas*, Case No. 2:08-cv-00606-GMN-GWF, 2011 WL 1630331, at *1 (D. Nev. Apr. 28, 2011). If spoliation is found, courts have discretion to impose sanctions. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015).

Courts generally consider three factors to determine whether and what type of sanctions to issue. These include: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the party having control over the evidence failed to preserve the evidence with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).

       *i.*  *Defendant Did Not Retain Photographs that Should Have been Retained*.

There is no dispute that Defendant's employee took three photographs on the day Plaintiff fell in Defendant's supermarket. Two of the photographs depicted the floor where Plaintiff slipped and fell, and one photograph depicted Plaintiff's shoe. None of the photographs are available to Defendant and, obviously, none were produced. Defendant's employee testified he believed he sent the photographs, taken on his smart phone, to his coworker; however, the coworker testified she did

not receive the photos and that problems with the phone belonging to the employee who took the pictures were well known. ECF Nos. 15-3 at 60:5-6 and 13-15; 61:2-5; 15-4 at 65:11-15.

Despite these facts, which support a loss of evidence, Plaintiff presents nothing demonstrating Defendant purposefully destroyed the photographs. Instead, the evidence—which is undisputed—shows a failure to ensure receipt and preservation of evidence despite some effort to do so. ECF No. 15-4 at 65:23-66:7. It is also worth noting that Plaintiff's husband took more than one photograph of the floor at the time of Plaintiff's slip and fall, but appears to have retained only one of those photos. ECF Nos. 15-4:5-8; 19-5:45:13-46:14.

There is also no dispute that Defendant retained video footage of the area where Plaintiff fell. The video starts before Plaintiff's fall, captures her fall, and continues for a period thereafter. In addition, Defendant produced its incident report as well as the employee who took the photographs that were not retained. ECF Nos. 15-1, 15-3. Plaintiff, her husband, and Defendant's employees all testified to what they saw with respect to Plaintiff's fall and the liquid on which she alleges she slipped and fell. ECF Nos. 15-3, 15-4, 19-4, 19-5.

Plaintiff seeks an adverse inference instruction that is based, at least in significant part, on testimony regarding the amount of liquid on the floor. Plaintiff says the liquid on the floor covered an area "2-feet by 2-feet." ECF No. 15 at 8, 20. Defendant's witness testified, in response to Plaintiff asking "how much water was on the ground or what area" it covered, that "[i]t was approximately a 2-foot area from the wet rack itself, so it was away from the wet rack per se approximately 2 feet, and then honestly it was minimal water on the floor. Like I want to say droplets, but a little bit more than droplets. It wasn't a puddle of water." *Id*. at 8. The Court's analysis of this testimony does not support the conclusion that water covered a 2 feet by 2 feet area on the floor; rather, the water was a bit more than droplets approximately 2 feet away from the wet rack. Nonetheless, and regardless of the misapprehension of the defense witness's testimony, what is clear is that the amount of water on the floor on which Plaintiff slipped is disputed and two photos of the floor taken by Defendant's employee are unavailable due to Defendant's failure to successfully transfer those photos from one employee to another. What is true is that while these unavailable photos are not the only evidence showing the floor on which Plaintiff slipped—as there is video footage and the photograph taken by

Plaintiff's husband (as well as the incident report and testimony)—Defendant should have preserved these photographs.

                ii.      *An Adverse Inference is Unwarranted; However, a Sanction is Appropriate.*

There is no dispute regarding Defendant's control over the photographs or that the photographs were relevant to the claims and defenses such that a jury could find the photos supported or undermined Plaintiff's claims.[1] Plaintiff argues the Court's authority to award sanctions arises under Rule 37 of the Federal Rules of Civil Procedure and its inherent authority. However, the documents at issue are photographs taken on a cell phone that Defendant attempted to transfer electronically from one employee to another. There is no evidence offered suggesting the photographs were ever printed. Thus, the Court finds the parties are discussing the loss of electronically stored evidence.

The Advisory Committee Notes to the 2015 Amendment to Rule 37 of the Federal Rules of Civil Procedure explains that a court may only sanction a party under Rule 37(e) for the loss of electronically stored information; a court may not impose sanctions under its inherent authority. Fed. R. Civ. P. 37 Advisory Committee Notes to 2015 Amendment. This standard was adopted by the Ninth Circuit in an unpublished opinion recognizing the limitation Rule 37(e) imposes on the Court's inherent authority to sanction. *Newberry v. City of San Bernardino*, 750 Fed.Appx. 534, 537 (9th Cir. 2018). The District of Nevada recognizes the same limitation as stated in *Winecup Gamble, Inc. v. Gordon Ranch, LP*, Case No. 3:17-cv-00163-RCJ-WGC, 2020 WL 3840420, at *3 n.1 (D. Nev. July 8, 2020) ("Defendant also moves for sanctions under the Court's inherent authority. However, the Advisory Committee Notes make clear that the 2015 amendment forecloses a court from imposing sanctions for spoliation of ESI under that basis."). *See also Indep. Techs., LLC v. Otodata Wireless Network, Inc.*, Case No. 3:20-cv-00072-RJC-CLB, 2020 WL 1433525, at *5 (D. Nev. Mar. 23, 2020) (Rule 37(e) "now provides the specific—and only—basis for sanctions for spoliation of

---

[1] The Court also considers that Plaintiff, who had an equal duty to retain evidence, retained only one photograph when her husband apparently took more than one of her slip and fall. *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d 598, 607 (S.D. Texas 2010) (former employees were obligated to preserve documents when they were about to sue employer). *In re Napster, Inc. Copyright Litig.*, 462 F.Supp.2d at 1067 ("As soon as potential claim is identified, *a litigant* is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.") (Emphasis added.)

4

1  ESI."); *Small v. Univ. Med. Ctr.*, Case No. 2:13-CV-0298-APG-PAL, 2018 WL 3795238, at *66 (D.
2  Nev. Aug. 9, 2018) ("The 2015 amendment to Rule 37(e) now forecloses reliance on inherent
3  authority or state law to determine whether and what sanctions are appropriate for a party's loss of
4  discoverable ESI.") (internal quotation marks and citation omitted).

5        Two categories of sanctions exist under Rule 37(e). First, where the district court finds that
6  the loss of information has prejudiced the moving party, the district court may order "measures no
7  greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, where the district
8  court finds that the offending party "acted with the intent to deprive another party of the
9  information's use in the litigation," the district court may require an adverse evidentiary
10 presumption, dismiss the case, or enter default judgment. Fed. R. Civ. P. 37(e)(2). The evidence
11 before the Court does not support a finding that Defendant acted with the intent to deprive Plaintiff
12 of information useful to her litigation. Indeed, Defendant retained video footage of the area where
13 Plaintiff fell that starts before and continues through the fall. Defendant also retained the incident
14 report and made the employees who responded to or were otherwise involved on the day of the fall
15 available for deposition. The employee who took the photos testified he believed he transferred his
16 photos to his coworker. It is noteworthy that Plaintiff's husband retained only one of the photographs
17 he took after her fall. The totality of the evidence—especially the retention of video surveillance—
18 belies a finding of intent. While there was clearly a failure, there is no evidence that failure was
19 planned, preplanned or motivated by the desire to prevent Plaintiff from getting evidence of the fall.
20 Under these circumstances, the Court considers what measures are no greater than necessary to cure
21 the prejudice that comes from the missing photos.

22       What prejudice arises from the missing photos is not well stated as the video footage and
23 Plaintiff's husband's photograph captures the floor on which Plaintiff slipped. The video captures
24 the floor before the fall and the husband's photo captures the floor right after the fall. Of course, the
25 photographs taken by Defendant's employee, on an old smartphone, would also only have captured
26 the floor after Plaintiff fell. Moreover, it is unclear whether it is possible for a forensic examination
27 of the phone on which the lost photos were taken is possible as it is unclear if that phone still exists.
28 ECF No. 15-3 at 60:6-20.

The Court finds these circumstances warrant an initial sanction requiring Defendant to determine whether the phone on which the photos were originally taken is available and if either of the two photographs at issue are recoverable. Defendant is ordered to pay the costs associated with examination of the phone, if it is available, by a qualified third party providing Plaintiff with the name of the third party, the date the third party is retained, the procedures for the search, and the outcome of that search. Defendant must commence the process of determining if the phone is still available within five (5) Court days of the date of this Order. If the phone is available, Defendant must identify and retain a qualified third party to examine the phone within thirty (30) calendar days of the date of this Order. The examination must be completed and produced to Plaintiff within thirty (30) calendar days of retention.

If the phone is no longer available, if no photographs can be retrieved, or if what is retrieved is unusable as evidence as it is either incomplete or distorted as a result of what is retrieved (as opposed to recovered photographs of poor quality), then the Court finds it appropriate to order the entry of an adverse fact to be read to the jury at the commencement of trial. That adverse fact is as follows:

> Defendant's employee took two photographs of the area of the floor on which Plaintiff slipped soon after her fall. Defendant failed to preserve these photos when an attempt to transfer the photos from the employee's phone to another employee was unsuccessful. The parties agree that it the photographs would have shown the liquid on the floor on which Plaintiff slipped.

The Court concludes this two step sanction process, first requiring Defendant to incur costs associated with an attempt to retrieve the photographs, and second to impose an adverse fact, is no greater than necessary to address the prejudice arising from the loss of two post-accident photographs given Plaintiff has the video depicting the area where she fell before her fall, as well as the fall itself, and her husband's contemporaneously taken photograph soon after the fall.

        B.     <u>No Sanctions are Warranted Based on Defendant's Objections During Deposition.</u>

Plaintiff complains about the number and type of objections made by defense counsel during the depositions of Defendant's employees Gilbert Huizar and Charity Puckett. Plaintiff counted the number of objections and also claims there were several interruptions. Plaintiff says Defendant made speaking objections and coached the witnesses supposedly depriving "Plaintiff of the ability

to obtain spontaneous and unfiltered testimony …" ECF No. 15 at 11. After Plaintiff challenged Defendant for allegedly making speaking objections, Plaintiff complains Defendant was objecting "to the form of the question without actually identifying what the objection was related to." *Id*. Plaintiff also takes issue with defense counsel's instruction to his witness not to answer a question because the response called for disclosure of an attorney client privileged communication. *Id*. at 15.

Defendant explains he interrupted on one occasion to alert Plaintiff to the fact that Mr. Huizar was no longer working at the store at which Plaintiff fell. ECF Nos. 15-3 at 7 (internal page 18); 19 at 8. The statement was one of fact to which Plaintiff's counsel raised no objection or concern at the time. ECF No. 15-3 at 7 (internal page 18). The deposition continued without delay or any expressed frustration. *Id.* On another occasion Plaintiff complained about a comment while Mr. Huizar recounted his work history. ECF No. 15 at 11. Specifically, defense counsel said, "Add that up." *Id*. Again no objection to this statement was made at the time, a question immediately followed, and the witness continued his testimony. ECF No. 15-3 at 7 (internal page 19). On a third occasion, Mr. Huizar was asked how long water was on the floor preceding Plaintiff's slip and fall. *Id.* at 10. Mr. Huizar initially stated: "Couple minutes." *Id*. Defense counsel then stated: "Don't guess, [i]f you don't know. Object to the form of the question. Vague and ambiguous." *Id*. The witness then stated: "Oh, okay. Well I am not for certain, but I would assume it would be there for a few minutes." *Id*. Defendant argues Mr. Huizar's revised testimony, which changed from a "couple" to a few minutes, was favorable to Plaintiff as the length of time liquid was on the floor lengthened potentially rendering it more discoverable by Defendant. ECF No. 19 at 10. Still, unlike the first two "interruptions" identified, the third comment by defense counsel resulted in Mr. Huizar editing his testimony.[2]

Fed. R. Civ. P. 30(d)(2) allows the Court to impose "an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays,

---

[2] Plaintiff says there were a total of seven interruptions, but does not identify them for the Court. ECF No. 15 at 3:17-18, 9:23. The Court is not required to hunt through well over 100 pages of deposition testimony (*see* ECF Nos. 15-3, 15-4) to find these interruptions. *Mayo v. Ocwen Loan Servicing, LLC*, Case No. 2:14-cv-01593-APG-CWH, 2015 WL 3764922, at *4 (D. Nev. June 15, 2015) (internal citations omitted).

or frustrates the fair examination of the deponent."³  To determine if sanctions are warranted under Rule 30, the Court "[f]irst … must determine whether a person's behavior has impeded, delayed, or frustrated the fair examination of the deponent." *Dunn v. Wal-Mart Stores, Inc.*, Case No. 2:12-cv-01660-GMN-VCF, 2013 WL 5940099, at *1 (D. Nev. Nov. 1, 2013), *citing* Fed. R. Civ. P. 30(d)(2). When undertaking this portion of the inquiry, some courts look to "(1) the specific language used (e.g., use of offensive words or inappropriate tones); the conduct of the parties (e.g., excessive objections or speaking objections); and (3) the length of the deposition." *See e.g., Thomas v. Alcoholic Rehab. Servs. of Haw., Inc.*, Case No. 14-00176-LEK-BMK, 2016 WL 370710, at *4 (D. Haw. Jan. 28, 2016) (internal citation omitted).  "Second, the court must 'impose an appropriate sanction.' … [However, t]he Ninth Circuit provides District Courts with wide discretion to fashion 'an appropriate sanction.'" *Dunn,* 2013 WL 5940099 *quoting Yeti by Molly, Ltd. v. Deckers*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Courts have imposed redeposition costs where "counsel was unjustified in instructing a deponent not to answer." *Doe v. City of San Diego*, Case No. 12-cv-0689-MMA (DHB), 2013 WL 6577065, at *7 (S.D. Cal. Dec. 13, 2013).  *See also Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (noting that courts have use their inherent power to impose deposition costs on attorneys "whose disruptions of a deposition rendered it futile and ineffective, and were obnoxious to the orderly, reasonable, and proper conduct of an examination") (internal quotation marks and citation omitted).

"A speaking objection is one that goes beyond the few words normally required to bring an issue to the attention of the trial judge and provides a narrative of facts or argument in support of the objecting lawyer's challenge or complaint."  Larsen, Navigating the Federal Trial § 3:13 (2024 ed.) Without doubt, defense counsel's objections to the "form" of questions were not speaking objections as they offered no narrative or argument whatsoever.  Defense counsel's objections that included statements such as incomplete hypothetical, calls for a legal conclusion, lack of foundation, and vague and ambiguous are also not speaking objections, but solely provide, as Plaintiff's counsel

---

³  Plaintiff's citation to decisions from the Nevada Supreme Court are not applicable to the decision requested of this Court.

complained was missing from objections made solely as to form, the legal basis for the objection without a narrative of facts or argument in support of the objection.

"Interruptions and objections … [can] be justified if they could reasonably add value to representing a client in a deposition." *La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*, Case No. 17-cv-1124-MMA(WVG), 2019 WL 4141237, at *22 and at n.22 (S.D. Cal. Aug. 30, 2019). Nonetheless, the court noted that excessive "'contentious, abusive, obstructive, scurrilous, and insulting conduct' resulting in comments and statements *other than objections to form*" are sanctionable. *Id*. at 22 n.22 (quoting in part, *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292 (S.D. N.Y. 1987) (emphasis added).

Here, while objections as to form were numerous during Mr. Huizar's deposition, and counsel is cautioned that excessive objections, even as to form, can result in a finding of obstruction, the transcript of the deposition does not support such a finding. No offensive language or tone was used or noted on the record when these objections were raised, and the transcript evidences the deponent answered the questions posed immediately after the stated objection and Plaintiff's counsel continued with his questions. ECF No. 15-3. A review of Ms. Puckett's deposition shows there were far fewer objections than during Mr. Huizar's deposition, that Ms. Puckett also answered the questions posed after each objection, and Plaintiff's counsel continued with his questioning without apparent difficulty. ECF No. 15-4. Again, while objections must not obstruct or frustrate a deposition—and the Court notes that absent extraordinary circumstances it is rare that every or even most questions warrants an objection—the Court finds defense counsel's zealousness did not reach sanctionable conduct. Further, two of the three interruptions identified were of no consequence, providing a fact on one occasion and a suggestion to add things up on another. The third interruption, which cautioned the witness not to guess resulting in a modification to his answer, demonstrates an occasion when less should have been said, but this single event does not warrant the imposition of sanctions.

With respect to the single occasion when defense counsel instructed his client not to answer a question seeking disclosure of the conversation between defense counsel and his client during a break, the Court finds neither a waiver of privilege nor a requirement that the deponent answer the

question posed. In *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614 (D. Nev. 1998), cited by Plaintiff, the court stated:

> any attorney who instructs a witness not to answer because of a claim of privilege, whether after a conference or not, should place on the record the fact that a conference is held (if one is held), the subject of the conference (*i.e.,* the document or subject matter to which the privilege is asserted, not the substance of the communications themselves), and the decision reached as to whether to assert a privilege. … However, this Court disagrees with the contention that any conference counsel may have with the deponent during a deposition waives the claim of privilege as to the communications between client and counsel during any conference or other break in the deposition.

*Id*. at 621-22 (internal citation omitted). In the instant matter, defense counsel stated on the record that the exchange during the deposition break between he and his client related to events "getting kind of heated" prompting the request for a break. ECF No. 15 at 17. Defense counsel confirmed there was no conversation about the substance of the case. *Id*. Plaintiff offers nothing to the Court demonstrating defense counsel's statements, on the record during the deposition, were inaccurate or for some reason not to be believed.

The foregoing demonstrates sanction, as stated, are appropriate granted given the loss of photographs that should have been preserved. Sanctions are not warranted arising from defense counsel's objections during the deposition of two defense witnesses.

## II.     Order

According, IT IS HEREBY ORDERED that Plaintiff's Motion to Impose Sanctions (ECF No. 15) is GRANTED in part and DENIED in part consistent with the contents of this Order.

Dated this 8th day of April, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE